IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JFJ TOYS, INC. d/b/a** <br> **D&L Company, et al.** | * | |
| | * | |
| Plaintiffs | | CIVIL ACTION |
| | * | |
| v. | | NO. 8:10-cv-00019 |
| | * | |
| Five Below, Inc., et al. | | |
| | * | |
| Defendants | | |
| | * | |
| ********** | | |

## COUNTERCLAIM

Defendant/Counter-Plaintiff, Five Below, Inc. ("Five Below"), by its attorneys, James A. Johnson, Teresa M. Kelly, Eric S. Mueller, and Semmes, Bowen & Semmes, pursuant to Fed. R. Civ. P. 12, hereby files a Counterclaim against Plaintiffs/Counter-Defendants, JFJ Toys, Inc. d/b/a D&L Company ("JFJ Toys") and Fred Ramirez ("Ramirez").

## PARTIES

1. Five Below, Inc. is a privately held corporation with its principle place of business in Philadelphia, Pennsylvania.

2. According to Counter-Defendants' pleadings, Counter-Defendant JFJ Toys, Inc. is a Delaware corporation with a business address in Porterville, California. D&L Company is a fictitious business name of JFJ Toys, Inc. as registered with Tulare County, California.

3. According to Counter Defendants' pleadings, Counter-Defendant Fred Ramirez is a citizen and resident of Camp Nelson, California. Counter-Defendant Fred Ramirez alleges ownership of trademark that is the subject of the Counterclaim.

**JURISDICTION AND VENUE**

4.      This Court is vested with subject-matter jurisdiction over this Counterclaim and Declaratory Judgment action pursuant to Fed.R.Civ.P.13(a) and 28 U.S.C. § 1331 since the Counterclaim arises out of the facts and matters alleged in the Complaint and arises under the laws of the Unites States.

5.      This Court has personal jurisdiction over the Counter-Defendants because they submitted themselves to the jurisdiction of this Court when they filed the Complaint.

6.      Venue for the Counterclaim is proper in this Court pursuant to Fed.R.Civ.P.13(a), because the Counterclaim arises out of the claims which are the subject of the Complaint

7.      The Counterclaim is stated against the opposing parties and the counterclaim arises out of the allegations alleged in the Plaintiffs' Complaint.

8.      Counter-Defendants allege that, in 1992, they began marketing a toy called the stomp rocket which consisted of two parts: a rocket and a launcher.

9.      Counter-Defendants allege that on February 2, 1999, Ramirez registered the trademark "Stomp Rocket" with the United States Patent and Trademark Office (PTO), under U.S. Registration Number 2,221,554 for use in connection with "toys, namely flying winged tubes and structural parts therefor". Counter-Defendants allege that the registration was renewed on June 26, 2008. (Exhibit 1 as attached to Plaintiffs' Complaint). Ramirez did not claim and was not afforded any rights in the name "rocket."

10.     Counter-Defendants allege that they have produced other versions of the Stomp Rocket, including Super Stomp Rocket, Junior Stomp Rocket, and Ultra Stomp Rocket. Counter-Defendants contend that these other versions are "sub-brand marks." In addition, Counter-Defendants claim a design mark, trade dress and a copyright on the packaging of the

stomp rockets products. Counter-Defendants claim that the packaging features a distinctive combination of design elements that collectively create a particular trade dress.

11. The phrase "Stomp Rocket" is a descriptive and general term used by writers, science museums, universities, bloggers, and other toy manufacturers and sellers to describe using compressed air to power a toy rocket into the air.

12. In July of 2004, in a letter to the editor of Playthings, Ramirez admitted that the term "stomp rocket" had "become a generic term, used to describe a toy rocket launched by jumping or 'stomping' on a bladder."

13. Five Below began purchasing Super Stomp Rockets from Lucky Star Enterprises & Co., Ltd., and reselling them in approximately the summer of 2007.

14. Upon information and belief, Counter-Defendants were not, at that time, using the name "Super Stomp Rocket" in the United States in connection with their toy rockets.

15. Upon information and belief, Counter-Defendants had not used the name "Super Stomp Rocket" to market their rockets in the United States for a significant time prior to the Summer of 2007, if they ever used the name in the United States.

16. In January, 2009, Five Below received a notice from Counter-Defendants' counsel regarding JFJ Toys' and Ramirez' registration of the alleged mark "Stomp Rocket."

17. By March 2, 2009, Five Below ceased sales of toy rockets and subsequently declined to accept an additional order of Super Stomp Rockets from Lucky Star Enterprises.

18. On or about October, 27, 2009, The D&L Company, the fictitious corporation of Counter-Defendant JFJ Toys registered the text, photograph and 2-D artwork for the "Super Stop Rocket." Upon information and belief, Counter-Defendants had not used that text, photograph and artwork for years, if they ever used them.

19.     On or about January 5, 2010, Counter-Defendants JFJ Toys and Ramirez filed a Complaint against Five-Below, among other defendants, for alleged violation of the trademark "stomp rocket" and other similar claims.

20.     This Court has authority to cancel the registration and has jurisdiction over this matter and the Counterclaim by Five Below by virtue of 15 USC §§ 1064, 1065(4), 1119, 1121; Lanham Act §§ 14, 15, 37, 39, and other applicable state law provisions.

21.     The term "stomp rocket" is not a valid, protectable trademark as the alleged mark "stomp rocket" and its sub-brands, identified in Counter-Defendants' complaint are not sufficiently distinctive to warrant trademark protection.

22.     Ramirez's alleged mark "stomp rocket" and its sub-brand marks are simply generic in that it is a common descriptive term for a toy rocket powered by compressed air. The term "stomp rocket" is commonly used and identified as a type of rocket launcher toys. Furthermore, the public perceives the term "stomp rocket" as a generic term for a toy rocket that is powered by compressed air.

23.     Years before the Summer of 2007, Counter-Defendant, Ramirez, the record owner of the registered Mark, admitted publicly that the Mark was generic.

24.     Counter-Defendants claim that their alleged mark is incontestable. Pursuant to 15 U.S.C. §§ 1064 and 1065(4), no incontestable right shall be acquired in a mark which is the generic name for the goods or services or a portion thereof, for which it is registered.

25.     Further, the alleged mark "stomp rocket" and its sub-brand marks are descriptive marks and have no secondary meaning. "Stomp rocket" merely describes a function, use, characteristic or intended purpose of the product.

26. Counter-Defendants' alleged Mark "Stomp Rocket" and its sub-brand marks do not and cannot have any secondary meaning, do not and cannot constitute a valid federal or common law trademark, are not afforded protection under any trademark law and do not provide any trademark rights to Counter-Defendants.  The alleged mark Stomp Rocket was improperly registered and improperly maintained and should be cancelled under the appropriate statutory provisions.

27. Five Below requests that this Honorable Court cancel the registration of Ramirez' trademark as the law is clear that no trademark protection can be afforded to a generic term and/or a descriptive term without secondary meaning.

28. Five Below requests that this Honorable Court cancel the registration of the subject trademark because the registration was procured and/or maintained by fraud.

WHEREFORE, Counter-Plaintiff, Five Below, Inc., prays that this Court exercise its power under 15 U.S.C. §§ 1064, 1065(4),1119, and other applicable state law provisions, for the following relief:

A. That this Honorable Court cancel Trademark Registration Number 2, 221, 554; and

B. That this Honorable Court award to Five Below costs, attorneys' fees, legal document assistance fees and any additional relief deemed appropriate.

Respectfully submitted,

_____/s/_____
James A. Johnson (USDC MD No. 02293)
Teresa M. Kelly (USDC MD No. 09034)
Eric S. Mueller (USDC MD No. 27397)
Semmes, Bowen & Semmes
25. S. Charles Street, Suite 1400
Baltimore, MD 21201
Phone:  (410) 539-5040
Fax:  (410) 539-5223
Email: jjohnson@semmes.com;
tkelly@semmes.com;
emueller@semmes.com

**Attorneys for Five Below, Inc.,**